IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                    Civil No. 05-6038
                      Criminal No. 4:98cr60018

TYRONG RON GODBOLD                                          DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the motion of the defendant/movant, Tyrong Ron Godbold (hereinafter "Godbold"), to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. #33)

**Factual and Procedural Background:**

Godbold is an inmate in the Federal Correctional Institution, Memphis, Tennessee. On July 20, 1998, Godbold was convicted of one count of distribution of cocaine base in violation of *21 U.S.C. § 841(a)(1)*. On November 23, 1998, Godbold was sentenced to 48 months imprisonment. The judgment was entered on December 2, 1998. (Doc. #24)
On August 25, 2003 and September 3, 2003, amended judgments were entered in order to correct Godbold's USM number. (Doc. #26 & 27)

On June 13, 2005, Godbold filed the pending motion. (Doc. #33)   The United States filed a response on September 2, 2005. (Doc. #37)                                           .

On its face, the pending § 2255 motion was filed well outside of the one-year limitation period provided under *28 U.S.C. § 2255*, accordingly, on November 3, 2005, the undersigned entered an order requiring Godbold to complete and return a questionnaire/addendum to his motion, explaining why he failed to file the pending motion within the specified one-year time period. (Doc. #38) *See Rules Governing Section 2255 Proceedings for the United States*

*District Courts* (hereinafter *"Section 2255 Rules"*), *Rule 7(a) & (b)* (the judge may direct the parties to expand the record by submitting additional materials including answers under oath to written interrogatories propounded by the judge). On November 23, 2005, Godbold filed the completed questionnaire/addendum to motion. (Doc. #39)

**Discussion:**

In his pending § 2255 motion, Godbold asserts the following claims:

a. that, pursuant to a plea agreement, his federal sentence was to run concurrently with a state sentence, however, he was required to serve the state sentence before commencing his federal sentence; and,

b. he received the ineffective assistance of counsel in that his attorney failed to satisfy the requirements necessary in order for his federal and state sentences to run concurrently.

(Doc. #33)

In response to the *§ 2255* motion, the United States asserts *inter alia* that Godbold's claims are barred by limitations. (Doc. #37) We agree.

*Section 2255* provides for a one year limitation period with respect to the filing of motions under that section:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1220, 28 U.S.C. § 2255.*

A judgment becomes final for purposes of *§ 2255* ten days after its entry. *See Wims v. United States,* 225 F.3d 186, 190 (2nd Cir. 2000)(for purposes of *§ 2255* conviction becomes final on the day the time to appeal expires); *see also Federal Rules of Criminal Procedure, Rule 4(b)(1)(A)*(in a criminal case, a defendant's notice of appeal must be filed within ten days after the entry of the judgment or order being appealed, or within ten days after the filing of the government's notice of appeal, whichever occurs later). In this case, three judgments were entered, the first on December 2, 1998, (Doc. #24) and then two amended judgments, the last on September 3, 2003. (Doc. #26 & 27)

Even if it is assumed that the one year limitations period of *§ 2255* did not begin to run until September 13, 2003 - ten days after the entry of the *final* amended judgment - Godbold's pending motion is untimely as it was not filed until one year and nine months later, nine months *after* the expiration of the one-year limitations period of the statute.

In his addendum to motion, Godbold seeks to explain his delay in filing his motion as follows:

a. After Godbold's imprisonment in the Arkansas Department of Correction ("ADC") following his sentencing, the attorney that represented him through his conviction and sentence, former Federal Defender George Lucas, moved to Mississippi and Godbold had difficulty contacting him;

b. Once located, Lucas did not respond promptly to the telephone calls of Godbold and his family;

AO72A
(Rev. 8/82)

    c. When contacted, Lucas provided no help to Godbold in attacking the execution of Godbold's sentence;

    d. From December 1999 through the middle of 2002, while imprisoned in the ADC, Godbold had no access to a law library or materials with which to compose and file pleadings with this court; and,

    e. Godbold needed the transcript of his sentencing and the clerk's office failed provide the transcript upon proper request and was unable to obtain such a transcript.

(Doc.#39)

Godbold has not asserted that any impediment created by government action existed to the filing of his § 2255 motion, he does not assert any right newly recognized by the United States Supreme Court, nor does he allege that the facts supporting his claims could not have been discovered through the exercise of due diligence.[1] *28 U.S.C. § 2255*.

Since Godbold's motion was not filed within the one-year limitations period prescribed by statute, it is apparently barred by limitations. However, the doctrine of equitable tolling is available to federal prisoners in *§ 2255* proceedings. *United States v. Martin,* 408 F.3d 1089, 1092 (8th Cir. 2005). Nevertheless, equitable tolling is reserved for situations in which "'extraordinary circumstances'" beyond a prisoner's control prevent timely filing," *id.,* or where "the conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.2d 460, 463 (8th Cir. 2000). We find that the reasons cited by Godbold do not warrant the application of equitable tolling.

First, Godbold's inability to access a law library and materials with which to compose and file motions with this court, according to Godbold, are conditions which existed from 1999

---

[1] Indeed, Godbold alleges that he realized immediately upon his transport to the ADC that his understanding of how his sentence was to be served was not being carried out.

through mid-2002, a time period *prior* to the filing of the last amended judgment and prior to the commencement of the one-year limitations period.

Further, in any event, such circumstances are not sufficient to equitably toll the limitations period. "[A] lack of legal knowledge or legal resources" does not warrant the application of equitable tolling." *Id.; see also Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Godbold also attempts to blame his delay upon his inability to communicate with his former attorney, former Assistant Federal Defender Lucas, who represented him through sentencing, and Lucas' alleged failure to assist Godbold with his *§ 2255* motion. We find no actions by Lucas, during the pertinent time period, which would make equitable tolling applicable.

This is not a case, such as that in *United States v. Martin*, where equitable tolling was found in view of the facts including: the movant's appellate counsel agreed to file a § 2255 motion in behalf of the movant following the conclusion of the direct appeal; and, the attorney falsely represented that the motion had been filed and assured that relief could be expected. *United States v. Martin*, 408 F.3d at 1090-92; *see also Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)(ineffective assistance of counsel due to an attorney's negligence or mistake has not generally been considered an extraordinary circumstance such as would support equitable tolling).

Further, since there is no constitutional right to "constitutionally effective counsel" in a *§ 2255* proceeding, the fact that Godbold has not been represented by post-conviction counsel

-5-

or that Lucas did not give Godbold accurate instructions as to how to proceed would not toll the running the one-year time limit established under *§ 2255*. See *Abdullah v. Hedrick*, 392 F.3d 957, 963-64 (8th Cir. 2004); *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999)(no right to counsel in §2255 proceeding).

Finally, Godbold cites his inability to procure a copy of the transcript of his sentencing as excusing his delay in filing the pending motion. Godbold's claims are straightforward and we see no reason why he would have been unable to file a *§ 2255* motion asserting these claims without the use of a sentencing transcript, particularly since this court has the authority and the obligation to order and review "transcripts and records of prior proceedings" if the motion is not dismissed. *Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 8(a)*. Accordingly, equitable tolling does not apply based upon this contention.

*Rule 8(a)* of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

For the reasons set forth above, it is determined that no evidentiary hearing is required and that the pending *§ 2255* motion should be dismissed as untimely filed.

**Conclusion:**

Therefore, it is found that Godbold's pending *§ 2255* motion is barred by the one-year

AO72A
(Rev. 8/82)

limitations provision of the statute. Accordingly, it is recommended that the motion be dismissed.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 30th day of January 2006.

         */s/ Bobby E. Shepherd*
         HON. BOBBY E. SHEPHERD
         UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)